UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON MATTHEWS,

       Plaintiff,                                 CASE NO. 1:20-CV-390

v.                                                      HON. ROBERT J. JONKER

CJ ACQUIRE, LLC, et al.,

       Defendants.
_____/

PLAINTIFF'S PROPOSED JOINT STATUS REPORT

      A Rule 16 Scheduling Conference is scheduled for January 25, 2021 at 4:00 p.m. before the Honorable Robert J. Jonker. Appearing for the parties as counsel will be Phillip C. Rogers for plaintiff and Charity A. Olson for defendants.

1. Jurisdiction: The basis for the court's jurisdiction is: 15 U.S.C. § 1692k(d), Fair Debt Collection Practices Act ("FDCPA"); 18 U.S.C. § 2724(a), Drivers Privacy Protection Act ("DPPA"); and 28 U.S.C. § 1331, Federal Question.

2. Jury or Non-Jury: This case is to be tried by the court as trier of fact and law.

3. Judicial Availability: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. Statement of the Case: This cases involves:

Statement of Plaintiff:

Plaintiff Jason Matthews is a victim of credit identity theft and extortion.

In or about 2008, Mr. Matthews obtained and used a line of credit to purchase goods and services for personal, family and household purposes. In connection with that account, Mr. Matthews's private, personal and financial information, including Mr. Matthews's Social Security Number, date of birth, residential address, telephone numbers, and banking information, was compromised, stolen and unlawfully used to create a counterfeit credit card account, supposedly issued

by Continental Finance, with the Account No. 5206054260258072, along with a related, counterfeit, unpaid debt.

In or before April 2019, defendants CJ Acquire, LLC, Christopher M. Arnold and Jessica Lynn Arnold (collectively, the "CJA Defendants"), somehow, and unlawfully, acquired Mr. Matthews's stolen personal and financial information, along with a portfolio of counterfeit accounts that included Mr. Matthews's counterfeit credit card account.

The CJA Defendants placed Mr. Matthews's fake account for collection with their agents, Zenco Collections LLC, Zenco Portfolio Management Inc., Premier Holding Group, Adam Michael Pasternak and Stephen Gray McFayden (collectively, "Zenco").

In March 2020, Zenco contacted Mr. Matthews by telephone and in writing, and falsely threatened Mr. Matthews with litigation, prosecution and other adverse consequences, in efforts to coerce Mr. Matthews into paying money that Mr. Matthews did not owe and that the CJA Defendants and Zenco had no right to collect.

On May 5, 2020, Mr. Matthews filed a Complaint to initiate this lawsuit against Zenco. In September 2020, Zenco identified the CJA Defendants as Zenco's principal and the source of Mr. Matthews stolen personal and financial information. On October 5, 2020, Mr. Matthews filed a First Amended Complaint to name the CJA Defendants as additional defendants. Zenco later settled and was dismissed from this lawsuit.

The CJA Defendants have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Driver's Privacy Protection Act of 1994 ("DPPA"), 18 U.S.C. § 2721 *et seq.,* entitling Mr. Matthews to actual damages, statutory damages, punitive damages, costs and attorney fees. In addition, Mr. Matthews seeks equitable relief, including requiring the CJA Defendants to identify the entities from whom the CJA Defendants acquired Mr. Matthews's stolen personal and financial information.

Statement of Defendants:

Defendants CJ Acquire, LLC ("CJA"), Chris Arnold, and Jessica Arnold (the "CJA Defendants") deny that they engaged in any wrongdoing or have any liability to Plaintiff as alleged in the complaint. CJA routinely acquires portfolios of debts owed or alleged to be owed by others to third parties. However, the debt at issue in this case was not, upon information and belief, owned by CJA or forwarded to the Zenco defendants for collection on behalf of the CJA

       Defendants. Thus, the CJA Defendants are not proper parties and should be dismissed from this action.

5. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by March 25, 2021.

6. <u>Disclosures and Exchanges</u>:

    (i) Fed.R.Civ.P. 26(a)(1) initial disclosures: February 15, 2020.

    (ii) Fed.R.Civ.P. 26(a)(2) expert disclosures: May 25, 2021.

    (iii) Fed.R.Civ.P. 26(a)(3) pretrial disclosures: 60 days before trial.

    (iv) The parties are unable to agree on voluntary production at this time.

    (v) Initial Disclosure of potential lay witnesses: April 26, 2021.

7. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by July 26, 2021. The parties recommend the following discovery plan:

    (i) The parties do not request any changes in the timing, form, or requirements for disclosures under Rule 26(a), other than as stated above in Paragraph 6.

    (ii) <u>Discovery plan - Plaintiff</u>: The subjects on which discovery may be needed include: (1) documents, contracts, emails and information pursuant to which defendants obtained plaintiff's account and personal and financial information; (2) documents, emails, communications and other information, related to consumer complaints, charge-backs, bank inquiries and complaints, and other disputes, received by defendants and related to accounts being collected by the defendants; (3) the federal and state tax returns for defendants for tax years 2019 and 2020; (4) documents, contracts, emails, and other information, regarding and including the procedures, equipment, software, and telephonic and email communication lines, pursuant to which defendants manage the collection of money from consumers; (4) documents, contracts, emails, and other information, pursuant to which defendants acquired any interest in the account; (5) documents, contracts, emails, and other information, pursuant to which defendants placed the account for collection with Zenco or any other entities; (6) documents, contracts, emails, and other information, pursuant to which defendants sold or otherwise transferred any interest in the

      account to Zenco or any other entities; (7) documents, contracts, emails, and any other information or writings, regarding procedures used by defendants or their agents to collect debts; and (8) defendants' complete file regarding plaintiff's account, including all notes regarding efforts by defendants or anyone else to collect the account.

      Plaintiff states that there is no need to conduct discovery in phases or to limit discovery to certain issues.

      Plaintiff acknowledges the Court's presumptive limitation of 25 interrogatories per side, and that depositions be limited to 10 per side, each of no more than 7 hours duration.

    (iii)    <u>Discovery plan - Defendants</u>: The CJA Defendants will seek written and oral discovery from Plaintiff and possibly other persons regarding the specific claims and purported damages alleged in the complaint, the origination and corresponding chain of title for the subject debt, and the CJA Defendants' affirmative defenses.

8.    <u>Motions</u>: The parties anticipate that all dispositive motions will be filed by August 25, 2021

9.    <u>Alternative Dispute Resolution</u>: The parties recommend that this case be submitted to voluntary facilitative mediation.

10.    <u>Length of Trial</u>: Counsel estimate the trial will last approximately four days total, allocated as follows: Two days for plaintiff's case and two days for defendants' case.

11.    <u>Prospects of Settlement</u>: The status of settlement negotiations is: On November 12, 2020, plaintiff's attorney emailed a settlement demand to defendants' attorney. On November 16, 2020, defendants made a counter-offer. On November 16, 2020, plaintiff made a counter-offer. On November 19, 2020, defendants made a counter-offer. On November 19, 2020, plaintiff rejected defendants' counter-offer and renewed plaintiff's prior counter-offer. On December 1, 2020, defendants made a counter-offer. On December 2, 2020, plaintiff rejected defendants' counter-offer. The parties have been unable to reach a settlement. Plaintiff states that one obstacle to settlement is plaintiff's need to know the identity of the entities from whom defendants acquired plaintiff's stolen personal and financial information.

12.    <u>Electronic Document Filing System</u>: All parties are represented by counsel. Counsel are participating in electronic filing.

4

Dated: January 19, 2021             /s/ Phillip C. Rogers
                                    Phillip C. Rogers (P34356)
                                    Attorney for Plaintiff
                                    6140 28th St. SE, Ste. 115
                                    Grand Rapids, MI 49546-6938
                                    (616) 776-1176
                                    Fax: (616) 776-0037
                                    consumerlawyer@aol.com


Dated: January 19, 2021             /s/ Charity A. Olson
                                    Charity A. Olson (P68295)
                                    Olson Law Group
                                    Attorney for Defendants
                                    P.O. Box 64
                                    Hartland, MI 48353
                                    (734) 255-6908
                                    colson@olsonlawpc.com