UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON MATTHEWS,

        Plaintiff,

v.

ZENCO COLLECTIONS LLC,

        Defendants.
_____/

Case No. 1:20-cv-390

HON. ROBERT J. JONKER

PLAINTIFF'S RESPONSE OPPOSING
DEFENDANTS' MOTION TO COMPEL DISCOVERY

## I.   Introduction

Defendant CJ Acquire LLC has filed a motion pursuant to Fed.R.Civ.P. 37 to compel Plaintiff Jason Matthews to appear for deposition within fourteen days. Defendant also requests fees and costs incurred in filing the motion. Plaintiff remains willing to appear for deposition on a date that is mutually agreeable to all parties and their counsel. Plaintiff opposes any award to Defendant of costs and attorney fees associated with Defendant's motion, which was filed unnecessarily and the result of the unreasonable conduct of Defendant's counsel.

## II.  Procedural History

On October 5, 2020, Plaintiff filed a First Amended Complaint in this action, naming CJ Acquire LLC, Christopher M. Arnold, and Jessica Lynn Arnold as additional defendants. (ECF No. 13).

On October 13, 2020, Defendant CJ Acquire LLC was served with Summons and First Amended Complaint, making its responsive pleading due November 3, 2020. (ECF No. 18).

On or about November 3, 2020, Defendant's attorney, Charity A. Olson, contacted Plaintiff's attorney, Phillip C. Rogers, by telephone, stated that Olson would be representing Defendants CJ Acquire LLC, Christopher M. Arnold, and Jessica Lynn Arnold, requested that Plaintiff make a settlement demand, and asked that Plaintiff not file an application to default Defendant CJ Acquire LLC, whose answer was due. Rogers extended Olson the courtesy of agreeing to not default Olson's client.

On November 10, 2020, a week after Olson's client's answer was due, Olson filed her Appearance in this action.

On November 12, 2020, Rogers emailed Plaintiff's settlement demand to Olson.

On November 19, 2020, the parties reached an impasse in their settlement negotiations.

On November 20, 2020, Olson contacted Rogers and asked for Rogers to agree to an extension of time to December 1, 2020 for Olson to file Defendant CJ Acquire LLC's past-due answer to the First Amended Complaint along with the answer of Defendants Christopher M. Arnold and Jessica Lynn Arnold to the First Amended Complaint. Rogers extended Olson the courtesy of not opposing Olson's clients' motion for an extension of time.

On November 20, 2020, Olson filed Defendants' motion for an extension of time to file her clients' answer to the First Amended Complaint. (ECF Nos. 19 and 20).

On November 23, 2020, the Court granted Defendants' motion for an extension of time to file their answer to the First Amended Complaint. (ECF No. 21).

On December 1, 2020, Olson filed Defendants' Answer to the First Amended Complaint. (ECF No. 22).

On December 7, 2020, the Court entered an Order, setting the Rule 16 Scheduling

Conference and requiring the parties to file a Joint Status Report no later than January 18, 2021. (ECF No. 23).

On December 8, 2020, Rogers drafted a proposed Joint Status Report and emailed it to Olson, requesting her review and input, so that Rogers could prepare a final report for Olson's review prior to filing.

On January 4, 2021, nearly a month later, Olson sent an email to Rogers stating she had "just returned to the office . . . so give me a few days to review and get back with you this week."

On January 18, 2021 at 4:57 p.m., Rogers sent an email to Olson, stating: "Hearing nothing more, I am going to file my version of the report and you can file yours." Rogers did not hear back from Olson that day.

On January 18, 2021, Rogers filed Plaintiff's version of the Joint Status Report. (ECF No. 24).

On January 19, 2021, Olson sent an email to Rogers, admonishing Rogers that the "Court's Order requires a joint filing, not separate filings submitted by each side" and that "this task was inadvertently overlooked by me in the haste of juggling virtual/hybrid school and work." Olson asked Rogers to draft and file a new report that included Olson's input. That same day, Rogers adjusted his schedule, and drafted and filed a revised Joint Status Report. (ECF No. 25).

On January 21, 2021, Olson sent an email to Rogers, stating: "Are you simply deciding not to work with me to file a joint report?" We are both better than this. Please file the joint report or tell me 'no' so I can move this forward. Appreciate it." Rogers was baffled by Olson's email because Rogers had filed a revised Joint Status Report two days earlier, and the email

received from the Court's ECF system showed that both of Olson's email addresses had received an email of the filed revised Joint Status Report.

On January 22, 2021, Olson sent an email to Rogers, acknowledging that she had received, but for some reason did not see, the email from the Court's ECF system regarding the filing of the revised Joint Status Report.

On January 25, 2021, Rogers served Olson with Plaintiff's First Requests to Produce Documents to Defendants CJ Acquire, LLC, Christopher M. Arnold, and Jessica Lynn Arnold. (ECF No. 26). Defendants have failed to respond to Plaintiff's discovery requests, which were due March 1, 2021. Olson has not contacted Rogers regarding her clients' past-due responses or requested an extension of time.

On January 25, 2021, the Court held a Rule 16 Scheduling Conference. Although the parties Joint Status Report suggested a discovery period of six months pursuant to the guidelines contained in the Court's Order setting the conference, the Court *sua sponte* set a discovery period of eight months, expressly citing the inevitable delays caused by the ongoing pandemic.

On January 27, 2021, the Court issued a Case Management Order, with various deadlines, including requiring the parties to serve Rule 26(a)(1) Disclosures no later than February 15, 2021. (ECF No. 27).

On February 1, 2021, Rogers served Olson with Plaintiff's Rule 26(a)(1) Disclosures. (ECF No. 28). Defendants have failed to serve Plaintiff with Defendants Rule 26(a)(1) Disclosures, which are now more than two weeks late. Olson has not contacted Rogers regarding her clients' past-due disclosures or requested an extension of time.

On February 1, 2021, on the third business days after the Court issued the Case

4

Management Order, Olson sent an email to Rogers, unilaterally setting February 15, 2021 as the date for deposing Plaintiff. The email stated that if February 15, 2021 would not work for Rogers or Plaintiff, then the deposition would need to occur later that week or sometime the following week. The email was the first communication from Olson regarding deposing Plaintiff.

February 15, 2021 was Presidents' Day, a national holiday. As stated on the Court's website, the United States District Court for the Western District of Michigan was closed on February 15, 2021. Accordingly, even if Plaintiff's deposition were to take place on the holiday, a Magistrate Judge presumably would not be available by telephone to resolve any disputes that might arise in the course of the deposition.

On February 4, 2021, Rogers received from Olson via the United State Postal Service, a notice of Olson's intent to depose Plaintiff on February 15, 2021.

On February 12, 2021, Olson sent an email to Rogers regarding the status of the deposition of Plaintiff scheduled by Olson for February 15, 2021.

- At 9:43 a.m., Rogers replied to Olson's email, stating that the deposition could not take place on February 15, 2021, and suggesting that Rogers and Olson communicate the following Monday to find a mutually acceptable date and time for Plaintiff's deposition.

- At 10:01 a.m., Olson replied, "I intend to proceed Monday afternoon in Grand Rapids as originally noticed."

- At 10:04 a.m, Rogers replied, "There will be no deposition on Monday. I will not be available. . .  Please explain why it is imperative that you do a deposition so early, and on only two weeks notice, with a date that you alone selected."

- At 12:46 p.m., Olson replied, "The fact that I've scheduled Plaintiff's deposition early in the discovery period is hardly objectionable and does not, in any event, constitute good cause to simply ignore our properly noticed notice of deposition, particularly when you have offered no new

5

>    dates or details regarding why you are now claiming to be 'unavailable' more than ten days after receiving the notice . . . . For these reasons, I plan to proceed on Monday. If you choose to not appear with your client, or seek a protective order, we will make a record of the non-appearance and seek relief from the Court."

All of these emails are attached to Defendant's Brief in Support of Motion to Compel. (ECF No. 31-4, PageID.236-238).

However, Olson omits from her compilation of emails, the final email sent by Rogers to Olson at 1:32 p.m., in which Rogers again offers the next week to work out a mutually agreeable date for Plaintiff's deposition, stating:

>    Charity,
>
>    If you come here on Monday you will be wasting your client's money and your time. I was served with your notice for the deposition on 2/4/2021, eight days ago. Your unilateral scheduling of a deposition on less than fourteen days notice is not reasonable, as you know. Again, as I said in my prior email, I will contact you Monday when I have a better idea of my schedule going forward, so that we can agree on a mutually acceptable date.
>
>    My statement to you that I will not be available on Monday should be sufficient. Seriously, I really don't believe that I am under any duty to provide you with a detailed account of what tasks I am obligated to do that day.
>
>    The date unilaterally set by you for my client's deposition is less than three weeks after the Rule 16 Conference. And as you also know, discovery does not close until more than seven months from now on 9/30/2021. Moreover, at the Rule 16 Conference, Judge Jonker on his own set a discovery period that was longer than we had requested, explaining that in his experience, a longer discovery period would be wise because of the inevitable delays that are being caused by Covid 19 and the pandemic. I can't conceive of any prejudice to your clients in not being able to depose my client during the first three weeks of discovery, on a date picked by you, unilaterally. If you think there is some sort of prejudice to your client by not being able to depose my client on Monday, again, please let me know what that possibly could be.
>
>    As you know, the Judges in Western District of Michigan have little patience for gamesmanship. I am willing to communicate with you on Monday.

> You are trying to waste my client's time and money by demanding that I take the time to draft and file a motion for a protective order, as well as waste the court's time in hearing that motion, especially since the court won't be hearing any motion between now and Monday. I have offered to contact you on Monday to work on alternate dates. Again, if you spend the time coming here on Monday, you will doing so with knowledge that the deposition is not going to happen at that time. Accordingly, any supposed loss to your client or you in driving time, court reporter fees, etc, will be self-inflicted and completely avoidable.
>
> Finally, as you also know, our local rules require us to work out discovery issues before filing motions. I will contact you on Monday in efforts to find a mutually agreeable date and time for you to depose my client. Please try to be reasonable about this.
>
> I cannot go back on forth by email with you on this any more today as I have to finish pressing matters in multiple cases.
>
> Phil

A copy of the email is attached as Exhibit A.

Olson did not respond to the email. Rather, and without further communication, Olson filed Defendant's Motion to Compel and related Brief.

### III.   Argument

On January 27, 2021, the Court issued its Case Management Order, giving the parties *eight months* to complete discovery. On February 1, 2021, three business days later, Olson emailed Rogers a notice to take Plaintiff's deposition on February 15, 2001, a federal holiday, during which the Court would be closed. The date set in the notice was chosen unilaterally by Olson, with no prior effort to contact Rogers by email, telephone or anything else, to pick a date mutually agreeable to Rogers and Plaintiff. Olson's email with the attached notice was the first communication from Olson to Rogers regarding Plaintiff's deposition.

On Friday, February 12, 2012, Olson and Rogers exchanged emails, in which Rogers

7

stated that the deposition could not be held on February 15, 2021, but that Rogers was willing to speak with Olson the following week to find a mutually agreeable date for Plaintiff's deposition, and with Olson repeatedly demanding that the deposition go forward on February 15, 2021, with Olson threatening to show up anyway, threatening motions for sanctions, and threatening that the only way for Plaintiff and Rogers to escape sanctions would be for Rogers to drop his other work on a Friday afternoon and immediately file for a protective order, despite the fact that the following Monday would be a federal holiday with the court closed.

Olson has followed through with her threats. On Tuesday, February 16, 2021, the day after the holiday, Olson could have reached out to Rogers by telephone or email and attempted to find a mutually agreeable date to depose Plaintiff. Instead, Olson spent the day drafting a motion to compel and related brief, so that Olson and Defendants could then request that the Court award costs and attorney fees for Olson drafting the motion and brief. The needless result is that Plaintiff has had to incur costs and attorney fees responding to the motion, and the Court must now spend judicial resources hearing and deciding the motion.

Ironically, Plaintiff and Rogers have repeatedly extended courtesies to Defendants and Olson throughout the course of this lawsuit, including agreeing to Defendants' requested extensions of time to file responsive pleadings, as well as drafting and filing a revised Joint Status Report after Olson failed to comply with the Court's deadline for filing.

Moreover, while Defendants and Olson demand compensation for the inability of Rogers to make Plaintiff available for deposition scheduled on short notice to take place on a federal holiday, Defendants themselves have flouted the Court's Case Management Order by refusing to timely serve Plaintiff with Defendants' Rule 26(a)(1) Disclosures, as well as by failing to

8

respond to Plaintiff's discovery requests served January 25, 2021.

Fed.R.Civ.P. 37(5)(a) states that even if the Court were to grant Defendant's motion, the court "must not" order Plaintiff to pay Defendant's expenses (including attorney's fees) if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

All three factors set forth in Rule 37(5)(a) support the denial of Defendant's request for expenses. The emails attached to Defendant's Brief, as well as the email attached to Plaintiff's response, make clear that: (i) Olson filed Defendant's motion before attempting in good faith to obtain a mutually acceptable date for Plaintiff's deposition; (ii) Rogers's inability to make Plaintiff available for deposition on short notice and on a federal holiday with the court closed was substantially justified; and (iii) other circumstances, including unclean hands by Defendant and their counsel, make an award of expenses unjust.

**IV.    Conclusion**

Plaintiff remains willing to submit to deposition on a date that is mutually agreeable to the parties and their attorneys. Defendant's counsel filed Defendant's motion without first conferring in good faith with Plaintiff's counsel to resolve the issue. Accordingly, Defendant's motion should be denied.

Dated: March 2, 2021	Respectfully submitted,

	/s/ Phillip C. Rogers
	Phillip C. Rogers (P34356)
	Attorney for Plaintiff
	6140 28th Street SE, Suite 115
	Grand Rapids, Michigan 49546
	(616) 776-1176
	consumerlawyer@aol.com	`